Jennifer LINDER (Johnson) *v.*
The Honorable Timothy W. WEAVER

05-1080                                    216 S.W.3d 130

Supreme Court of Arkansas
Opinion delivered November 17, 2005

*The Law Offices of Ables, Howe & Standridge, PLLC*, by: *Peggy Lisa Jones-Ables* and *J. Brent Standridge*, for petitioner Jennifer Linder (Johnson).

*Mike Beebe*, Att'y Gen., by: *Scott P. Richardson*, Ass't Att'y Gen., for respondent Hon. Timothy W. Weaver, Judge.

*Holly Lodge Meyer*, for respondent Deron Johnson.

PER CURIAM. Motion to Supplement is granted. Expedited simultaneous briefing on petition for writ of certiorari ordered by noon, Tuesday, November 29, 2005.

Motion to Supplement granted; expedited simultaneous briefing ordered.

GLAZE, CORBIN, and IMBER, JJ., dissent on issue of stay.

TOM GLAZE, Justice, dissenting. The trial judge in this matter has now filed a motion to supplement the record

and requests that his "amended order" be part of the record. Strangely, the judge apparently had no hearing regarding this new order, nor was Jennifer's counsel notified that a change was being considered in the original order entered on September 24, 2005. Also puzzling, the new or "amended order" is "undated," but the "amended order" radically revised paragraph twenty-nine, which deals with the contempt issue. That new paragraph has been amended to read as follows:

> Plaintiff has disobeyed the orders of this Court in regard to: 1) failing to accomplish, even working to defeat, visitation as set in the decree of divorce and the July 8, 2004, modified visitation by a sustained campaign of alienating the children and frustrating visitation as set out herein; and 2) failing to select a new counselor and failing to refrain from making derogatory comments about the other party in front of the minor children according to the order of October 2002; and 3) failing to communicate about the children as ordered in the decree of divorce. For this extraordinarily egregious conduct the Plaintiff is found to be in willful contempt and shall be incarcerated for a period of *six months* from September 24, 2005. *Plaintiff may petition the Court for release before six months if she can demonstrate that she will abide by the Court's orders, that she recognizes that what she has done is wrong, and that she will undergo counseling or obtain some help for her actions.*

The Judge's new "amended order" is clearly a concession that his original order was not lawful because he improperly imposed an excessive one-year penalty against Jennifer without giving her notice that the judge was considering the imposition of one year in jail. As the judge now knows, a contemnor is entitled to a jury trial before a one-year sentence can be imposed. *See Anderson v. State*, 353 Ark 384, 108 S.W.3d 592 (2003).

Jennifer has correctly challenged the judge's unlawful sentence by her request for a writ of certiorari, because the remedy of direct appeal would be useless to the contemnor because, without this court's temporary stay, the contemnor would continue to be incarcerated. *See Johnson v. Johnson*, 343 Ark 186, 33 S.W.3d 492 (2000); *Ivy v. Keith,* 351 Ark 269, 92 S.W.3d 671 (2002).

The judge has sought to correct his error by perfunctorily revising his earlier, original order, so that Jennifer has a six-month

sentence instead of the one year he previously entered. Moreover, the judge's "amended order" is obviously designed to avoid the requirement of jury trial. His clear attempt is to turn this proceeding into a civil matter rather than a criminal one and to urge Jennifer to petition the trial court before six months if "she will abide by the trial court's orders, she recognizes that what she has done is wrong, and she will undergo counseling or obtain some help for her actions."

It is admirable that the judge has attempted to correct this serious matter that has caused Jennifer to stay in jail for 54 days. But, like the error the judge made when imposing an unlawful sentence against Jennifer, she also has not been allowed to question the merits of the judge's actions. Clearly, a judge does not correct his mistakes by *sua sponte* amending his order without notifying counsel that a serious substantive change will be made by the judge. *See* Ark. R. Civ. P. 59 and 60.

While Jennifer may fail in her efforts to prevail on the merits of this dispute, surely she should be released from jail to prepare and try her case. Unfortunately, the judge has had some serious procedural problems, but it is not fair to prolong getting to the merits of this case until the judge gets his procedural questions right. As I said in my earlier dissent, I am unaware of *any* case where we refused or failed to give a contemnor a stay of the contempt order until the issue was decided on appeal. Jennifer is still entitled to her due process, which has escaped her for almost two months.

This court in a 4–3 ruling is needlessly allowing Jennifer to languish in jail without giving her a trial or hearing to vindicate herself. This is wrong. Jennifer is being punished for violating the court's order entered on September 24, 2005. However, Mr. Linder, the children's father, also violated the judge's order for nonpayment of child support, but after Mr. Linder was given custody of the children, he was permitted to purge himself of contempt. Jennifer was not given this same opportunity. At the very least, the judge should immediately grant a motion for temporary stay of this case until the merits can be addressed and decided on appeal. To do anything less is a miscarriage of justice.

A NNABELLE CLINTON IMBER, Justice, dissenting. I would grant a temporary stay of the contempt order, pending this court's expedited consideration of Jennifer Linder's petition for writ of certiorari. The temporary stay would be conditioned upon the

continuation of the trial court's order prohibiting any visits or contact with the children until the contempt matter is resolved.

CORBIN, J., joins.